## Ex Parte Henry Sim.

### No. 509.   Decided March 2, 1910.

**Local Option—Punishment—Felony—Statutes Construed.**

Where, upon appeal in habeas corpus from a conviction of a violation of the local option law, it appeared that the local option law was in effect and had been so in effect in the county of the prosecution for some time prior to the passage of the Act of the Thirty-first Legislature, making it a felony to sell intoxicants in local option territory, the District Court had no jurisdiction, and the punishment prescribed in said Act did not take the place of the prior punishment applicable to said county under the laws as therein in force at the time of the passage of said Act.

Appeal from the District Court of Grayson.   Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Cox & Cox,* for relator.—Cited Dawson v. State, 25 Texas Crim. App., 670; Robinson v. State, 26 Texas Crim. App., 82; Lawhon v,

State, 26 Texas Crim. App., 101; Ex parte Bains, 39 Texas Crim. Rep., 62; McElroy v. State, 39 Texas Crim. Rep., 529; Snearley v. State, 40 Texas Crim. Rep., 507; Ex parte Elliott, 49 Texas Crim. Rep., 108, 91 S. W. Rep., 570.

*John A. Mobley,* Assistant Attorney-General, and *G. T. Freeman,* County Attorney, and *Charles Batsell, B. F. Gafford* and *James P. Haven,* Assistant County Attorneys, for the State.—Cited City of Evansville v. State, 118 Ind., 426; Joliff v. State, 53 Texas Crim. Rep., 61; Ex parte Dupree, 105 S. W. Rep., 493; Clopton v. State, 105 S. W. Rep., 994; Black on Intoxicating Liquors, p. 57; Lock's Appeal, 72 Pa. St., 491; Ex parte Mato, 19 Texas Crim. App., 112; Ezzell v. State, 29 Texas Crim. App., 521; O'Neil v. American Fire Insurance Co., 166 Pa. St., 72.

DAVIDSON, Presiding Judge.—Relator was convicted in the District Court of Grayson County for violating the local option law, and his punishment assessed at confinement in the penitentiary for one year under the Act of the Thirty-first Legislature.

The facts show that local option law was in effect in Grayson County and had been for some years prior to the passage of the Act of the Thirty-first Legislature making it a felony to sell intoxicants in a local option territory. Relator was prosecuted under the theory that the Act of the Thirty-first Legislature and the punishment therein prescribed applied to and become operative in all territories where the local option law was then existent; and in all such cases that Act as to punishment should take the place of the Act prescribing the prior punishment. Relator resorted to a writ of habeas corpus after his conviction, to be relieved from the punishment imposed on the theory that the District Court was without jurisdiction to try the case. The District Court upon hearing the writ, remanded relator to custody, thereby holding that the punishment prescribed by the Act of the Thirty-first Legislature did take the place of the prior punishment, and was applicable to all of those sections of the State where local option law had theretofore been put into operation. We are of opinion the District Court erred. Relator was entitled to his discharge under the case stated, and further that he could only be punished under the law existent at the time that local option was put into operation in Grayson County. In view of what has been stated in the case of Lewis v. State, this day decided, we deem it unnecessary to further elucidate or elaborate the question involved. The judgment is reversed and relator is ordered discharged from custody of penitentiary officials and returned to sheriff of Grayson County to be dealt with as provided by law.

*Relator discharged.*